**UNITED STATES of America,**

v.

**Daniel MARINO, Defendant.**

**No. S1 09 Crim. 1243 (LAK).**

United States District Court,
S.D. New York.

Aug. 7, 2010.

Elie Honig, Chi T. Steve Kwok, Jason Peter Hernandez, Natalie Lamarque, U.S. Attorney's Office, New York, NY, for United States of America.

Charles F. Carnesi, Attorney at Law, Garden City, NY, Gerald Lawrence Shargel, Law Offices of Gerald L. Shargel, New York, NY, for Defendant.

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, District Judge.

Daniel Marino, a reputed "boss" of the Gambino organized crime family, is awaiting trial on multiple felony counts. He seeks reconsideration of the Court's April 26, 2010 detention order, which was based on a finding that no condition or combination of conditions would reasonably assure the safety of the community if he were released on bail.

### Facts

Marino previously has been convicted of criminal possession of a dangerous weapon, assaulting a federal officer, and conspiracy to murder Thomas Spinelli in aid of racketeering after Spinelli had testified, among other things, that Marino was a made member of the Gambino family. Other members of that conspiracy were John J. Gotti (then the boss of the Gambino family), Salvatore ("Sammy the Bull") Gravano (then the Underboss), and James Failla (a captain).

On April 20, 2010, Marino was named in the first superseding indictment in this case. He is charged, among other things, with a racketeering conspiracy, the objects of which allegedly included narcotics distribution in violation of 21 U.S.C. §§ 812, 841, and 846, and sex trafficking of a minor in violation of 18 U.S.C. § 2423 in addition to murder, witness tampering and murdering a witness, extortion, mail and wire fraud, loan sharking, and operating an illegal gambling business. Although Marino is not charged with substantive narcotics distribution or sex trafficking offenses, such offenses (by others) are predicate acts alleged as part of the pattern of racketeering.

The motion for reconsideration is based on the arguments that (1) the Court erred in adopting defendant's concession that the defendant is subject to the presumption of dangerousness that applies under Section 3142(e) of the Criminal Code in appropriate cases, (2) the defendant in fact would not now be a danger to the community if released pursuant to his proposed bail terms, and (3) the defendant is urgently in need of medical attention that he has not received, and is not likely to receive, while in custody.

### Discussion

#### A. The Statutory Presumption

The Bail Reform Act[1] provides that a person charged with an offense shall be released or detained pending trial in accordance with its provisions. Detention is

1. 18 U.S.C. § 3141 *et seq.*

mandatory "[i]f, after a hearing pursuant to subsection (f) of [Section 3142], the judicial officer finds that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community." [2] Moreover, "it shall be presumed that no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of any other person and the community if such judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App.1901 et seq.), an offense under section 924(c), 956(a), or 232b of ··· title [18 of the United States Code], or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed, or an offense involving a minor victim under" various other provisions of law.[3]

Shortly after his arrest, Marino's then-counsel moved for release on bail, although his memorandum stated that, "[b]ecause of the nature of the charges against Marino, there is a presumption that Marino poses a danger to the community." [4] The government adopted this concession and, given the parties' agreement, so did the Court. Marino, having retained new counsel, now argues that his original counsel was mistaken, that the former attorney led the Court to err in concluding that a presumption in favor of detention arose, and therefore bases his motion for reconsideration in part on that alleged error. The govern-

ment, however, maintains that this in fact is a presumption case.

It is undisputed that Marino is not charged with substantive narcotics distribution and sex trafficking offenses. He argues that the Section 3142(e) presumption therefore does not arise in his case.

Marino is correct that the pertinent portion of Section 3142(e) states that the presumption arises, among other instances, where there is probable cause to believe that the person committed an offense punishable by ten years or more under the Controlled Substances Act or involving a minor victim under sex trafficking laws and that he is not charged with such a substantive offense. He is correct also in pointing out that the statute does not state in so many words that the existence of probable cause to believe that a defendant participated in a conspiracy to commit such an offense gives rise to the presumption. But that is not the end of the matter.

In *United States v. Ciccone*,[5] Peter Gotti had been charged with a racketeering conspiracy that included extortion among its objects and predicate acts although Gotti was not himself accused of having engaged in extortion. Among the circumstances in which Section 3142(e), upon a proper showing, permits pretrial detention is where a defendant is charged with a "crime of violence," a term that concededly includes extortion. Nevertheless, Gotti argued on appeal from a pretrial detention order that the court below had erred in concluding that he had been charged with a crime of violence because he was charged with the racketeering conspiracy, but not with having personally engaged in extortion. In other words, he contended that the court

---

**2.** *Id.* § 3142(e).

**3.** *Id.* § 3142(e).

**4.** Marino Mem. [DI 26] 5.

**5.** 312 F.3d 535 (2d Cir.2002).

was entitled to "consider only the predicate acts ascribed to him in the indictment ... and not the objectives and means of the RICO enterprise as a whole, as alleged through the predicate acts ascribed to all enterprise participants." [6]

The Court of Appeals rejected Gotti's argument:

"Here, Gotti has been charged with engaging in a RICO conspiracy, the substantive basis for which was the RICO enterprise termed the Gambino Crime Family, which is alleged in the indictment to be an organization whose purposes include committing extortion. Certainly, it cannot be gainsaid that extortion is a 'crime of violence' as that term is defined by the BRA. *See* 18 U.S.C. § 1951(b)(2) ('extortion' means 'the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear....'). Both the Magistrate Judge and the District Court properly found that Gotti has been charged with a crime of violence." [7]

■ *Ciccone* effectively controls here. The Court sees no material difference for purposes of the Bail Reform Act between considering the predicate acts allegedly committed by other members of an alleged RICO conspiracy for purposes of determining whether an alleged conspirator is charged with a "crime of violence" as opposed to considering them for purposes of determining whether an alleged conspirator is charged with an offense of narcotics distribution or sex trafficking. Accordingly, the Court did not err in concluding that the presumption arises in Marino's case. Moreover, the modest effect of the presumption should be borne in mind. Even where it arises, the burden of persuasion— *viz.*, that no condition or combination of

conditions would assure the safety of the community and of other persons—remains with the government.

### B. Current Danger to the Community

Marino argues that the government has not established that he *now* would be a danger to the community if released on bail. The argument rests on two foundations—the supposed lack of evidence of any criminal behavior in recent years and Marino's age and alleged physical infirmity.

There is little doubt that Marino has presented a grave danger to the community in the past. He is a long-time mobster and has three felony convictions including one for authorizing the execution-style murder of a government witness. While the government has not proffered evidence of specific criminal acts by Marino since 2006, it has proffered that Marino remains a boss of the Gambino family and that surveillance has placed Marino in the company of other mobsters at various mob gatherings through 2009.

Contrary to Marino's contention, it is no answer to say that detention here would amount to an improper extension for organized crime family bosses of the presumption set out in the Bail Reform Act. Indeed, the argument is nothing more than a variation on the contention in a prior case that detention of another organized crime boss would been based improperly on the individual's status. As this Court said, in an analysis cited approvingly by the Second Circuit in *Ciccone*,[8] in rejecting that defendant's argument:

"[I]t is well established that persons who hold Defede's status routinely engage in conduct that is a menace to public safety. The argument thus is based not on

6. *Id.* at 542.

7. *Id.* (footnote omitted).

8. 312 F.3d at 543.

the status, but on the inference that a person in Defede's position is quite likely to engage in dangerous conduct—just as one reasonably could infer that one holding the position of major league baseball pitcher is entirely likely to hurl a small white object in the direction of home plate." [9]

Turning to Marino's health, and without going into unnecessary detail about such a personal matter, Marino is 69 years of age, probably has atherosclerosis, probably has had a mild stroke at some undetermined time in the past, has a cardiac rhythm problem, probably has had a transient ischemic attack in recent months, and is at risk of stroke in the future. He is being treated by Bureau of Prisons ("BoP") physicians with a medication that Marino's consulting cardiologist, based solely on a review of Marino's medical records, has described as "an appropriate first step." More aggressive medical treatment has been suggested as possibly appropriate and is under consideration by the BoP.

This Court is extremely mindful of the concern of Marino and his family in these circumstances. They quite understandably would feel a great deal better about the situation if Marino were free to seek medical attention whenever and from whomever he wished. But the evidence before the Court indicates quite clearly that the BoP has been responsive to Marino's situation. It has taken, and is considering taking, steps that Marino's consultant has suggested as possibly appropriate. Moreover, Marino's concerns, genuine though they are, are not the only relevant consideration.

 The ultimate issue before the Court is whether any condition or combination of conditions reasonably would assure the safety of the community if Marino were released, not whether release would be better for Marino. In considering that question:

> "it is important to recognize that the threat inherent in [Marino]'s continued liberty need not stem directly from the threat of violent acts by him. Nor need it arise from the charged offenses. Given [Marino]'s position of leadership in a notorious and violent criminal organization, 'his ability to plan, order, and supervise criminal activity' is of paramount importance. Marino 'is a danger at least as much for what he might direct or assist others in doing as for what he might do himself.' In consequence, for the reasons set forth in *Bellomo*, both *Gotti* cases, and in the Court of Appeals decisions in *Colombo* and *Orena*, this Court finds, by clear and convincing evidence, that no condition or combination of conditions adequately would secure the safety of the community." [10]

So too here. Moreover, this Court would reach this conclusion independent of any presumption under the Bail Reform Act.

### Conclusion

For the foregoing reasons, Marino's motion for reconsideration of bail is granted. Upon reconsideration, however, the Court adheres to its original decision.

SO ORDERED.

---

**9.** *United States v. Defede,* 7 F.Supp.2d 390, 392 n. 4 (S.D.N.Y.1998).

**10.** *Id.* at 395–96 (citing *United States v. Bellomo,* 944 F.Supp. 1160, 1167 (S.D.N.Y.1996); *United States v. Gotti,* 98 Crim. 42(BDP) (S.D.N.Y. Feb. 13, 1998) (bench opinion); *United States v. Gotti,* 776 F.Supp. 666, 672–73 (E.D.N.Y.1991); *United States v. Orena,* 986 F.2d 628, 632 (2d Cir.1993); *United States v. Colombo,* 777 F.2d 96, 100–01 (2d Cir.1985) (footnotes omitted)).