10-3401-cr
United States v. Marino

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of October, two thousand ten.

PRESENT: ROBERT D. SACK,
              BARRINGTON D. PARKER,
              REENA RAGGI,
                  *Circuit Judges*,

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                      *Appellee*,

               v.                            No. 10-3401-cr

DANIEL MARINO,
                      *Defendant-Appellant*.

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:      GERALD L. SHARGEL, Esq. (Ross M. Kramer, *on the brief*), New York, New York.

APPEARING FOR APPELLEE:       ELIE HONIG, Assistant United States Attorney (Chi T. Steve Kwok, Katherine Polk Failla, Assistant United States Attorneys, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York

(Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court entered on August 10, 2010, is AFFIRMED.

Daniel Marino appeals from an order denying him bail pending trial on a twenty-three count indictment charging him with murder, witness tampering, extortion, racketeering conspiracy, and other crimes. We review a district court's bail determination, including its findings of fact pertaining to risk of flight, danger to the community, and the adequacy of any proposed bail conditions, for clear error. See United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). We will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000). In applying these standards, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Title 18 U.S.C. § 3142(e) requires a district court to order pretrial detention if, after a hearing, it concludes based on clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." See also id. § 3142(f). Subject to rebuttal by the accused, "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is

2

probable cause to believe that the person committed" various specified offenses, including a Title 21 drug trafficking crime subject to a maximum sentence of at least ten years' imprisonment. 18 U.S.C. § 3142(e)(3)(A).

1.      Operation of the § 3142(e)(3)(A) Presumption

Marino argues that the district court erroneously applied this presumption in favor of his detention based on Title 21 predicate acts attributed to his alleged racketeering co-conspirators. The government submits that such an application is supported by United States v. Ciccone, 312 F.3d 535, 542 (2d Cir. 2002), which held that, in determining whether a racketeering conspiracy count charged a crime of violence under 18 U.S.C. §§ 3142(e) and 3142(f), the district court was not limited to the predicate acts ascribed to a particular defendant but could consider the objectives and means of the racketeering enterprise as alleged through the predicate acts ascribed to all enterprise participants. Cf. United States v. Basciano, 599 F.3d 184, 205-07 (2d Cir. 2010) (rejecting argument that double jeopardy analysis of successive racketeering prosecutions should consider only predicate acts ascribed to defendant). We need not address this argument, however, because the district court expressly stated that it would reach the same conclusion in Marino's case even absent any presumption favoring his detention. See United States v. Marino, --- F. Supp. 2d ----, ----, 2010 WL 3239141, at *4 (S.D.N.Y. Aug. 7, 2010); see also United States v. Cavera, 550 F.3d 180, 197 (2d Cir. 2008) (en banc) (declining to review alleged error as "harmless in the light of the alternative independent ground" for district court's decision).

3

2.    Sufficiency of the Evidence

Marino submits that the evidence was insufficient to provide clear and convincing support for the district court's determination that Marino presented a danger to the community. We identify no error, let alone clear error, in the district court's determination that the factors identified in 18 U.S.C. § 3142(g) supported such a finding. The relevant evidence falls into two groups.

First, considerable evidence of Marino's prior conduct reveals his disturbing propensity for violence, often in the context of obstruction of justice. Of Marino's four prior felony convictions, two indicate that, at a younger age, Marino was willing to use violence himself, specifically, his 1963 conviction for assaulting a federal officer and his 1975 conviction for criminal possession of a weapon. Marino's other two convictions indicate his willingness to obstruct justice, including by resort to murder. Thus, he was convicted in 1994 for conspiracy to murder a cooperating witness and in 1997 for illegally intercepting the telephone calls of a cooperating witness. Indeed, the risk posed by Marino's dangerous propensity for violence is only aggravated by the fact that his most recent convictions were committed in connection with and in furtherance of the Gambino crime family, an enterprise that routinely employs violence to further its criminal objectives. See generally United States v. Matera, 489 F.3d 115, 119-20 (2d Cir. 2007).

Marino does not contest this extensive history of violent criminal behavior. Instead, he submits that the evidence was insufficient to demonstrate clearly and convincingly that

4

he posed a <u>present</u> risk of danger to the community. A second group of evidence easily permitted the district court to make this finding, specifically, evidence indicating Marino's continued membership and leadership role in the Gambino crime family. Marino contests the government's proffer that he is a boss of the Gambino crime family, noting that this assertion was based on unidentified sources. We are not persuaded. The government may proceed by proffer in carrying its clear and convincing burden. <u>See</u> 18 U.S.C. § 3142(f); <u>United States v. Ferranti</u>, 66 F.3d at 542. Further, the unidentified sources were not anonymous tipsters but anticipated trial witnesses, whose identities were known to the government. Thus, the district court acted well within its discretion in relying on such information. <u>See generally</u> <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 163 (2d Cir. 2002) (considering known informants generally to be more reliable than anonymous informants (citing <u>Florida v. J.L.</u>, 529 U.S. 266, 270 (2000))). Moreover, the district court was further supplied with wiretap transcripts in which Marino's words could be construed to reveal his leadership role in the charged criminal enterprise. In these circumstances, the precise title he held – whether boss, street boss, or captain – is of little significance to the danger determination. The fact of his past violent activities, together with his ongoing ability to direct the conduct of criminal confederates, provided clear and convincing evidence of the present danger he posed. Indeed, this conclusion is reinforced by the grand jury's determination that, even from jail, Marino could order the murder of a government witness.

3.     <u>Role Presumption</u>

Finally, Marino faults the district court for applying a de facto presumption in favor of detention based on his leadership role in the Gambino crime family, which he submits deprived him of an individualized bail assessment. We disagree. The district court identified Marino's dangerousness from his prior record. His role in the Gambino crime family signaled that he had not separated himself from the criminal enterprise for which he carried out violence and obstruction and confirmed that he continued to be in a position to call on enterprise members to carry out violent activities, among other crimes, on his behalf. Cf. United States v. Ciccone, 312 F.3d at 542-43.

In sum, we identify no clear error in the district court's finding by clear and convincing evidence that Marino posed a danger to the community. We have considered Marino's other arguments and conclude they are without merit. Accordingly, we AFFIRM the district court's order entered August 10, 2010.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court